† GODFREY, *Administratrix, versus* DWINELL.

Upon the refusal of the promisor to fulfil an agreement in writing, for a valuable consideration, to convey real estate, the *administratrix* of the promisee may maintain either a bill in equity for a specific performance of the contract, or an action at common law to recover damages for its breach.

ON FACTS AGREED.

ASSUMPSIT, on the following contract signed by defendant:—

"Received of Samuel Godfrey three thousand dollars, for which I promise to convey the lot and house at Oldtown, where he now lives, also the lots of land in the town of Chester, conveyed to me by Ira Wadleigh — and also one lot of land in Township No. 4, containing one hundred acres, conveyed to me by J. & I. Wadleigh."

Samuel Godfrey deceased in 1840, and the plaintiff was duly appointed administratrix of his estate.

In her said capacity, in May, 1854, she made a demand in writing on defendant to convey the premises to her as such administratrix, which he declined to do.

The Court were authorised to enter judgment by nonsuit or default, as the law required; if by default, a referee was to decide the value of the premises at the time of demand, and judgment to be rendered for that sum with the interest.

*Rowe & Bartlett,* for defendant, maintained that if the agreement was a valid subsisting contract at the time of the intestate's decease, no demand for a deed having been made in his lifetime, then the right to a conveyance vested in his heirs, and they alone had a right to claim it.

The purchase money had been paid; nothing remained to be done but the execution of a deed. Equity regarded that as done, and Dwinell held the title as trustee for the purchaser. The heirs may come in and insist on a specific performance of the contract. Story's Eq. § 790; 1 Fonb's Eq. book 1, c. 6, § 9, and cases there cited. *Seton* v. *Slade,* 7 Ves. 264, 274; 1 Sug. Vend & Pur. c. 4, § 1; *Broome* v. *Moncke,* 10 Ves. 597; Adam's Eq. 140.

The heirs, after a proper demand and refusal, may either bring a bill for a specific performance, or an action for damages. But this plaintiff can maintain neither. A payment to her would not release the defendant from the claim of the heirs. *Boynton* v. *P. & S. Railroad,* 4 Cush. 467.

*A. Sanborn,* for plaintiff, relied on R. S., c. 112, § 28.

APPLETON, J. — It may be conceded, as is contended by the counsel for the defendant, that a court of equity would decree against the defendant a specific performance of the contract in suit, yet it would by no means follow from that concession, that the present action may not be maintained.

The contract between the plaintiff's intestate and the defendant, is a chose in action, which by operation of law vests in the administratrix. The plaintiff having given bonds for the faithful performance of her official duty, has the rightful control over it. She was the proper person to demand its performance. She has made such demand, and the stipulated conveyance has not been executed.

By R. S., c. 112, § 28, it is provided that the Judge of Probate "may authorize any executor or administrator of any deceased person, whose estate is subject to his jurisdiction, to execute deeds, in order to carry into effect bonds, agreements, or covenants, in writing, whether sealed or not, whenever it shall be made to appear to them on petition of the person contracted with as aforesaid, or by his heirs or assigns, or personal representatives, that the deceased in his lifetime, entered on any such contract to convey real estate to him, but was prevented by death," &c. The authority of the Judge of Probate being in such case had, the conveyance is valid.

By the last clause of the same section, it is enacted, that "whenever any executor or administrator shall receive any such conveyance, he shall stand seized of such estate, to the same uses and for the same purposes as he may be of real estate set off to him on execution." It will be perceived that while the sanction of the Judge of Probate is necessary

to legalize a conveyance from an executor or administrator, it is not to receive such conveyance. By virtue of his position as executor or administrator, he may receive it. Receiving a conveyance, it necessarily follows that he may surrender or cancel the contract which has been performed by the execution and delivery of the deed in accordance therewith. The land conveyed in such case would be assets in the hands of the executor or administrator, to be held as assets of the estate, and to be disposed of in accordance with the provisions of R. S., c. 108, § § 26, 27, 28.

The defendant, upon demand, refused to execute a deed of the premises which he had contracted to convey. Had a conveyance been made to the administratrix, the statute provides for its appropriation as assets to meet the debts of the estate or for its distribution. The defendant refusing to execute a conveyance, it was for the administratrix to determine the remedy to be pursued. She might, by proceedings in equity, compel a conveyance, or by a suit at common law obtain compensation in damages of the defendant for his refusal to convey. In one alternative she would hold the land, in the other the damages, recovered in trust, to be disposed of according to law.

As the defendant, when called upon, refused to convey, it is not for him to take exceptions to the mode in which redress is sought. If the administratrix has in any respect acted unadvisedly or negligently, it is a matter regarding only those interested in the estate.

The action is legally maintainable, and a default must be entered. *Defendant defaulted.*